IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GONZALEZ, | ) | |
|     Petitioner, | ) | Civil Action No. 18-242 Erie |
| | ) | |
| v. | ) | Judge Susan Paradise Baxter |
| | ) | |
| MARK K. WILLIAMS, | ) | |
|     Respondent. | ) | |

## **MEMORANDUM**

Pending before the Court[1] is a petition for a writ of habeas corpus filed by federal prisoner David Gonzalez ("Petitioner"). For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

**A.**     **Relevant Background**

On April 15, 2005, a jury found Petitioner guilty in the United States District Court for the Northern District of Ohio (the "trial court") of one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On July 14, 2005, Petitioner was sentenced to life imprisonment. The trial court entered Judgment against Petitioner on September 13, 2005. The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence on January 11, 2008. (Resp's Ex. 3).

On July 16, 2008, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He asserted that his trial counsel was ineffective for failing to have the evidence against him suppressed. (Resp's Ex. 4). The trial court denied that motion and denied a certificate of appealability. (Resp's Ex. 5).

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

1

Because Petitioner has filed one motion to vacate his sentence under 28 U.S.C. § 2255, before he can file another one he must receive authorization from the Sixth Circuit Court of Appeals. This is in accordance with the 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255, which bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals first certifies the filing contains a claim based on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). See also 28 U.S.C. § 2244(a).

In November 2013, Petitioner filed with his trial court a second § 2255 motion. In it, he challenged (1) his life sentence on the basis that the government filed the notice of enhanced sentence pursuant to 21 U.S.C. § 851 after he had been indicted and had prepared a defense and (2) his § 841(a)(1) conviction on the basis that Chapter 13 of Title 21 applies only to registered manufacturers, distributors, and dispensers. (Resp's Ex. 6). The trial court transferred the motion to the Sixth Circuit Court of Appeals to consider it as an application for authorization to file a second or successive § 2255 motion. On July 10, 2014, the court of appeals issued an order denying Petitioner authorization to file it. (Resp's Ex. 7).

The Bureau of Prisons ("BOP") designated Petitioner to FCI McKean and, therefore, he is serving his federal sentence within the territorial boundaries of this Court. On August 10, 2018, Petitioner instituted this action by filing a petition for a writ of habeas corpus in the Supreme Court of Pennsylvania. On August 28, 2018, Respondent timely removed the action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446.

2

In the petition, Petitioner asserts that he is being unconstitutionally detained by the United States. He claims that his conviction and imprisonment violate several Constitutional provisions, including Article I, Section 8, Clauses 10 and 17; Article IV, Section 3, Clause 2; Article VI, Clauses 2 and 3; Article III, Section 2; and Article VI, Section 4. As relief, he seeks an order that directs Respondent (the Warden of FCI McKean) to release him immediately.

In his answer, Respondent contends that, given the nature of Petitioner's claims, the fact that he originally filed his petition in Pennsylvania state court, and his unsuccessful attempt to file a second or successive § 2255 motion, it is clear that Petitioner is attempting to evade AEDPA's § 2255 gatekeeping requirements. Respondent asserts that the instant petition should be dismissed for lack of jurisdiction. Petitioner did not file a reply.

**B.**     **Discussion**

"Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). As the United States Court of Appeals for the Third Circuit explained in Bruce v. Warden Lewisburg USP, 868 F.3d 170 (3d Cir. 2017), prior to § 2255's enactment, federal prisoners seeking habeas relief could only do so by filing a petition under § 2241 in the federal district court in the district the prisoner was incarcerated. Id. at 178. "An increase in the number of federal habeas petitions produced serious administrative problems and overburdened the few district courts in the jurisdictions with major federal prisons." Id. (citing United States v. Hayman, 342 U.S. 205, 210-19 (1952)). To alleviate that burden, Congress in 1948 enacted § 2255:

3

A new remedial mechanism, § 2255 "replaced traditional habeas corpus for federal prisoners (at least in the first instance) with a process that allowed the prisoner to file a motion with the sentencing court on the ground that his sentence was, *inter alia*, imposed in violation of the Constitution or laws of the United States." Boumediene v. Bush, 553 U.S. 723, 774, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008) (internal quotation marks omitted). The statute's "sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." Hayman, 342 U.S. at 219, 72 S.Ct. 263; see also Hill v. United States, 368 U.S. 424, 427, 428 n.5, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (describing the § 2255 remedy as "exactly commensurate" with § 2241's writ of habeas corpus); United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953).

So it is that a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255.

Id.

Based upon all of this, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In contrast, as a general rule, a habeas petition under § 2241 is properly brought where the federal prisoner is seeking to challenge the carrying out or the execution of his sentence (such as, for example, a challenge to the BOP's computation of the federal sentence or a challenge to a disciplinary action that resulted in the loss of good conduct time). See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990); Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008).

Importantly, § 2255 expressly prohibits a court from entertaining a § 2241 habeas petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause." See, e.g., Bruce, 868 F.3d at 174, 178-79.

In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Third Circuit Court of Appeals recognized the one circumstance under which it has found § 2255's remedy to be inadequate of

4

ineffective since AEDPA amended § 2255 in 1996 the include a one-year statute of limitations and the prohibition against the filing of second or successive motions. In Bruce, a recent decision by the Third Circuit Court of Appeals that applied Dorsainvil, the court set forth the two conditions a federal prisoner must satisfy to fall within § 2255's savings clause in order to utilize § 2241 to collaterally attack his judgment of conviction in the district of his confinement:

> First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"–in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013] (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Id. Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

Bruce, 868 F.3 at 180.

None of the claims that Petitioner raised in his habeas petition satisfy the above-cited conditions. That he has not, or cannot, receive authorization to file a successive § 2255 motion is not, in and of itself, a sufficient ground to render § 2255 "inadequate or ineffective." Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").

5

As set forth above, § 2241 does "confer[ ] habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." McGee, 627 F.3d at 935. In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the Third Circuit Court of Appeals analyzed what it means for a federal prisoner to challenge the execution of his sentence, and Petitioner's claims do not qualify. It explained:

> *In order to challenge the execution of his sentence under § 2241, Cardona would need to allege the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment.* Indeed, at oral argument, Cardona conceded that there was nothing in the judgment forbidding, or even concerning, his placement in the [Special Management Unit]. *Cardona's petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, Cardona has not challenged the execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241.*

Cardona, 681 F.3d at 537 (emphasis added). Because Petitioner's claims do not concern how the BOP is "carrying out" or "putting into effect" the sentence the trial court imposed upon him, he is not challenging the execution of his sentence.

In conclusion, Petitioner's claims challenge the validity of his conviction and sentence, not the BOP's execution of his sentence. For the foregoing reasons, given the nature of his claims, the only way that he can challenge the validity of his conviction and sentence is in a § 2255 motion filed with his trial court. He cannot avoid AEDPA's gatekeeping requirements pertaining to the filing of second or successive § 2255 motions by filing a habeas petition in state court, or styling his habeas petition as something other than a § 2241 petition.

**C.      Conclusion**

The petition for a writ of habeas corpus is dismissed for lack of jurisidiction.[2] An appropriate Order follows.


Dated: December 28, 2018

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[2] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

7